UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ZAPIEN,<br><br>                Petitioner,<br><br>    v.<br><br>D.K. SISTO, Warden,<br><br>                Respondent. | 1:08-CV-01988 WMW (HC)<br><br>ORDER DENYING PETITIONER'S<br>MOTION TO STAY<br><br>[Docs. 2, 7]<br><br>ORDER GRANTING PETITIONER LEAVE<br>TO WITHDRAW UNEXHAUSTED CLAIMS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). No other parties have yet appeared in this matter.

**BACKGROUND**

On December 16, 2005, Petitioner was sentenced by the Tulare County Superior Court to serve sixteen years to life after a jury convicted him of second degree murder and use of a deadly weapon. (Pet. at 1).

Petitioner appealed the conviction on three grounds: (1) the jury verdict was against the great weight of the evidence; (2) ineffective assistance of counsel regarding jury instructions; and (3) the trial court erred when it did not instruct the jury, *sua sponte*, on involuntary manslaughter. On

December 13, 2007, the Fifth District Court of Appeal affirmed the trial court.

Petitioner raised the same three claims in a petition for review to the California Supreme Court who denied the petition without comment on February 27, 2008.

On December 4, 2008, Petitioner filed a petition for writ of habeas corpus in the Tulare County Superior Court where he raised the following three claims: (1) ineffective assistance of counsel; (2) restitution cannot be collected because it is past the statute of limitations; and (3) ineffective assistance of appellate counsel. As of the date the instant petition was filed, there has been no decision from the superior court.

On December 31, 2008, Petitioner filed the instant petition which asserts the following six grounds for relief: (1) the jury verdict was against the great weight of the evidence; (2) the trial court erred when it failed the instruct the jury, *sua sponte*, on involuntary manslaughter; (3) ineffective assistance of trial counsel because counsel did not ask for an involuntary manslaughter instruction; (4) ineffective assistance of counsel when trial counsel did not investigate Petitioner's allegations that he had been verbally domestically abused by the victim; (5) the financial restitution that Petitioner was ordered to pay is not collectable because the one year statute of limitations has expired; and (6) ineffective assistance of appellate counsel for failing to raise claims (4) and (5) *supra*, on direct appeal.[1]

**DISCUSSION**

Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

---

[1] All claims referred to by number from this point on will correlate with the numbered claims in the federal petition for writ of habeas corpus.

full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added); see also Galvan v. Alaska Department of Corrections, 2005 WL 293501 (9th Cir.2005).

The Supreme Court has determined that a district court faced with a mixed petition has discretion to grant a stay to allow the petitioner to present his unexhausted claims to the state court thereby preserving the petitioner's ability to return to federal court for review of his perfected petition. See Rhines v. Weber, 544 U.S. 269, 275-77 (2005); See also Jackson v. Roe, F.3d 654, 660-61 (9th Cir. 2005). However, a district court grant of stay and abeyance is only appropriate when the court determines that the petitioner has shown good cause for his failure to exhaust. Rhines v. Weber, 544 U.S. at 277. Furthermore, even if the petitioner has shown good cause, the stay should not be granted if the district court determines that the unexhausted claims are plainly without merit. Id.

In the petition before the Court, Petitioner raises six grounds for relief. Petitioner concedes that grounds Four, Five, and Six are unexhausted. (Doc. #2 at 2). Petitioner has asked for this Court to stay his federal petition while he exhausts his claims in state court, but he has proffered no good cause as to why he did not present his state claims before he came to federal court. At the end of his motion to stay, Petitioner asserts that any delay in filing his petition in the state court was brought about by "appellate counsel's failure to send petitioner the complete state-record, transcripts etc..." (Id. at 3). However, Petitioner does not explain why it was necessary to have such records in order to file a petition when plenty of prisoners simply fill out a form petition and give a short statement describing which rights have allegedly been violated. None of the unexhausted claims are so dependant on the record that Petitioner would not have been able to assert them without the full record at his disposal. This Court finds that Petitioner has not shown good cause as to why he has not fully exhausted all of his claims, therefore his petition should not be stayed.

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so. See Rose, 455 U.S. at 521-22. However, Petitioner may withdraw the unexhausted claims and go forward with the exhausted claims in lieu of suffering dismissal.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a

motion to withdraw the unexhausted claims. In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the Petition without prejudice.[2]

IT IS SO ORDERED.

Dated:     May 28, 2009                              /s/  William M. Wunderlich
                                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is informed that a dismissal for failure to exhaust will not bar him from returning to federal court after exhausting his available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001). Petitioner is further informed that the Supreme Court has held:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.