# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ZAPIEN,<br><br>        Petitioner,<br><br>    v.<br><br>D.K. SISTO,<br><br>        Respondent. | 1:08-cv-01988 YNP DLB (HC)<br><br>ORDER GRANTING PETITIONER LEAVE TO AMEND PETITION<br><br>[Doc. #10] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner has consented to the jurisdiction of the United States Magistrate Judge in this matter pursuant to 28 U.S.C. § 636(c)(1).  (Doc. #4).

On June 12, 2009, Petitioner filed a motion to stay and hold in abeyance his petition pursuant to the three-step procedure laid out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) (hereinafter "the Kelly procedure).  See also King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).

The Kelly procedure is a three-step process that a petitioner can use when he has a mixed petition but does not have good cause as to why the entire petition should be stayed while he returns to state court with his unexhausted claims.  Under Kelly the Petitioner must 1) amend his mixed petition to delete any unexhausted claims; 2) move the court to stay and put in abeyance the now fully exhausted petition while the petitioner returns to state court to exhausted all the deleted claims; and 3) amend his stayed petition to re-attach the now fully exhausted claims that had previously been deleted.  King, 564 F.3d at 1135 (citing Kelly, 315 F.3d 1070-71).  While this may seem like a

1  favorable procedure to petitioners because they do not need to show good cause, hopeful movants
2  should be reminded that under <u>Kelly</u> a petitioner would still have to re-attach his deleted claims
3  within the original one year statue of limitation set forth by the Anti-Terrorism and Effective Death
4  Penalty Act of 1996.  <u>King</u>, 564 F.3d at 1138-39; 28 U.S.C. § 2244(d)(1).

5      On May 28, 2009, this Court denied Petitioner's motion to stay for failure to show good
6  cause but granted him leave to amend his petition to delete the unexhausted claims.  (Doc. #8).  Once
7  again, this Court grants petitioner leave to amend his petition to delete the unexhausted claims.  The
8  Court notes that in a motion to amend, the petitioner must plead with specificity the claims which he
9  would like to delete.  Only after those claims are deleted can the Court stay the fully exhausted
10 petition; however, Petitioner may file a motion to amend and a motion to stay together.

11     Accordingly, it is hereby ORDERED that Petitioner is granted leave to amend his petition
12 within fifteen (15) days of service of this order.

14     IT IS SO ORDERED.

15     Dated:  **June 26, 2009**          /s/ **Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE