# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SALVADOR ZAPIEN, | ) | 1:08-cv-01988 YNP DLB (HC) |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S MOTION TO STAY PETITION |
| v. | ) | [Doc. #13] |
| D.K. SISTO, Warden | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 12, 2009, Petitioner filed a motion requesting that the Court stay and hold in abeyance his habeas petition in accordance with the Kelly procedure. (Doc. #10).

On June 29, 2009, the Court gave Petitioner leave to amend his petition in accordance with the Kelly Procedure. The Order instructed Petitioner to delete all unexhausted claims and file a motion to stay the amended petition, which should only include fully exhausted claims. (Doc. #11).

On July 14, 2009, Petitioner filed a Second Amended Petition that did not state the unexhausted claims and a motion to stay the now fully exhausted petition. (Docs. #12, 13).

**DISCUSSION**

The 9th Circuit has clearly specified two possible analyses by which to decide a motion to stay. King v. Ryan, 564 F.3d 1133. One analysis is Rhines, where, in limited circumstances and upon the court's discretion, a petitioner can have his entire petition stayed and placed in abeyance while he exhausts the unexhausted claims in state court. King, 564 F.3d at 1135-36 (citing Rhines v.

Webber, 544 U.S. 269 (2005)).  The second analysis is the Kelly three-step procedure.  Under Kelly, a petitioner first amends his mixed petition to delete any unexhausted claims.  Next the court will stay and hold in abeyance the amended, and now fully exhausted, petition while the petitioner exhausts the deleted claims in state court.  Finally, the petitioner amends his stayed petition to re-attach the now fully exhausted claims that he deleted before.  King, 564 F.3d at 1135 (citing Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2002)).

There are two distinct differences between Rhines and Kelly. First, Rhines stays and holds in abeyance both the exhausted and unexhausted claims where as Kelly requires the petitioner to delete the unexhausted claims and only stays and holds in abeyance the fully exhausted petition. This is an important distinction because under Kelly a petitioner would still have to re-attach his deleted claims within the original one year statue of limitation set forth by the Anti-Terrorism and Effective Death Penalty Act of 1996.  King, 564 F.3d at 1138-39; 28 U.S.C. § 2244(d)(1).  A Rhines petitioner, however, would not have to worry about the statute of limitation because his unexhausted claims would not have left federal court.  King, 564 F.3d at 1139, 1140 (citing Rhines, 544 U.S. at 277).

The second difference between the two analyses is that Rhines requires a showing of good cause, while Kelly does not.  King, 564 F.3d at 1140.  Even though Kelly does not require a showing of good cause, the Court was clear that the "district courts retain the same degree of discretion they had before Rhines to implement the Kelly procedure..."  King, 564 F.3d at 1141.

In this case, Petitioner has asked for his petition to be stayed using the Kelly procedure before the Court issued an Order to Respond.  Petitioner has followed the necessary steps required by Kelly by removing his unexhausted claims, filing an amended and fully exhausted petition, and moving the Court to stay his amended petition.  Because Petitioner requested a stay under Kelly in a timely manner and has correctly followed the three-step procedure, the Court chooses to exercise its discretion to stay Petitioner's petition for writ of habeas corpus and hold in abeyance all claims set forth in the Second Amended Petition for Writ of Habeas Corpus.

However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at 277.  Petitioner must inform the Court no later than thirty (30) days after the date of service of this

1  order the cases that have been filed in state court, the date any cases were filed, and any outcomes.[1]
2  Further, Petitioner must proceed diligently to pursue his state court remedies and must file a new
3  status report every ninety (90) days thereafter as to the status of the state court proceedings.
4  Following final action by the state courts, Petitioner will be allowed thirty (30) days to file a motion
5  for leave to amend the petition but may not include any new or unexhausted claims. Failure to
6  comply with these instructions and time allowances will result in this Court vacating the stay *nunc*
7  *pro tunc* to the date of this order. Rhines, 544 U.S. at 278.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay GRANTED;

2. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

4. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order advising the court of the cases that have been filed in state court, the date the cases were filed, and any outcomes;

5. Petitioner is DIRECTED to file a new status report every ninety (90) days after filing his initial status report; and

6. Petitioner is GRANTED thirty (30) days time following the final order of the state courts in which to file a final status report.

IT IS SO ORDERED.

Dated:   **August 19, 2009**              **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The filing should be titled: "Status Report."