# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ZAPIEN, | 1:08-cv-01988-DLB (HC) |
| Petitioner, | ORDER REGARDING RESPONDENT'S MOTION TO DISMISS THE INSTANT PETITION |
| v. | |
| D. SISTO, | [Doc. 34] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

### BACKGROUND

On November 18, 2005, Petitioner was convicted in the Tulare county Superior Court of one count of second degree murder with a weapon use enhancement.  (V CT 1056-1058.)  On December 23, 2005, Petitioner was sentenced to an indeterminate term of 15 years to life, plus an additional year for the weapon use enhancement.  (V CT 1164-1165.)

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District.  The Court of Appeal affirmed the judgment.  Petitioner then filed a petition for review in the California Supreme Court, which was denied.  (LD 5.)  Petitioner then filed a petition for

---

[1] Petitioner submits that D. Sisto, has replaced former Warden G. Swarthout, therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Warden Swarthout is replaced with Warden Sisto.

1

writ of certiorari to the United States Supreme Court, which was also denied. (LD 6.)

On December 16, 2008, Petitioner filed a petition for writ of habeas corpus in the California Superior Court, Tulare County. The Court denied the petition in a reasoned decision. (LD 7.)

On March 12, 2009, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District. The petition was denied. (LD 8.) On September 25, 2009, Petitioner filed a second petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District, which was also denied. (LD 8.)

On May 6, 2010, Petitioner filed a petition for review in the California Supreme Court. The petition was denied with citation to <u>In re Swain</u>, 34 Cal.2d 300, 304 (1949). (LD 9.)

Petitioner filed the instant petition for writ of habeas corpus on December 31, 2008. Approximately two months later, he filed an amended petition along with a motion requesting a "protective filing" under <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005). On May 28, 2009, the Court granted Petitioner leave to withdraw the unexhausted claims, but denied Petitioner's request for a stay because he failed to demonstrate good cause for his failure to exhaust. On June 20, 2009, the Court granted Petitioner leave to amend the petition. On July 14, 2009, Petitioner filed a second amended petition, along with a motion requesting stay and abeyance. On August 20, 2009, the Court granted Petitioner's motion to stay. After filing several status reports, Petitioner filed a third amended petition on January 3, 2011.

## DISCUSSION

I. <u>Procedural Grounds for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss

1  under Rule 4 of the Rules Governing Section 2254 Cases.  See, e.g., O'Bremski v. Maass, 915
2  F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley,
3  533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254
4  Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its
5  authority under Rule 4.
6  II.     Exhaustion of State Remedies
7          A petitioner who is in state custody and wishes to collaterally challenge his conviction by
8  a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
9  The exhaustion doctrine is based on comity to the state court and gives the state court the initial
10 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
11 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.
12 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).
13         A petitioner can satisfy the exhaustion requirement by providing the highest state court
14 with a full and fair opportunity to consider each claim before presenting it to the federal court.
15 Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
16 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair
17 opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
18 factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
19 basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
20 Additionally, the petitioner must have specifically told the state court that he was raising a
21 federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133
22 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court
23 violated his due process rights "he must say so, not only in federal court but in state court."
24 Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is
25 insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v.
26 Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance
27 that the "due process ramifications" of an argument might be "self-evident."); Gray v.
28 Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner raises the following six grounds for relief in his third amended petition: 1) there was insufficient evidence to support his conviction of murder; 2) the trial court erred by failing to

4

instruct the jury on involuntary manslaughter; 3) ineffective assistance of counsel for failing to present evidence of his intoxication and request an instruction on involuntary manslaughter; 4) ineffective assistance of counsel based on counsel's failure to investigate; 5) the trial court erred by denying Petitioner's right to represent himself; and 6) ineffective assistance of appellate counsel for failing to present his claims on direct appeal.

Respondent argues that Grounds One, Three, Four, Five, and Six are unexhausted and subject to dismissal.

### A. Ground One

In Ground One, Petitioner contends there was insufficient evidence to support his conviction of second degree murder. Petitioner raised this claim on direct appeal to the California Court of Appeal, Fifth Appellate District (LD 1), but he did not include the claim in his petition for review (LD 5). Consequently, this claim is unexhausted and is subject to dismissal.

### B. Ground Three

In Ground Three, Petitioner contends that he was denied effective assistance of counsel because counsel failed to conduct his own blood test to determine Petitioner's alcohol level and request a jury instruction on involuntary manslaughter. Respondent presents the claim as challenging only counsel's failure to conduct a blood test; however, a thorough review of the third amended petition, supports the finding that Petitioner also presents a claim that counsel was ineffective for failing to request a jury instruction on involuntary manslaughter. (3d Amd. Pet. at p.8 "Counsel's failure to conduct his own blood test and request pertinent jury instructions correlative with the defense proffer was an 'unreasonable' or 'contrary' application of federal law as determined by the United States Supreme Court. (28 U.S.C. § 2254(d)(1).)").[2] Therefore, the Court interprets this claim as presenting both challenges to counsel's performance. Respondent argues that on direct appeal, Petitioner presented only the claim that his counsel was ineffective

---

[2] The Court has a duty to construe pro se pleadings liberally. Hughes v. Rowe, 449 U.S. 5, 9 (1980); see also Miller v. Rowland, 999 F.2d 389, 391 (9th Cir.1993).

for failing to request an instruction on involuntary manslaughter. Respondent is correct. (LD 5.) Therefore, the portion of this claim that challenges counsel's failure to conduct a blood test is not exhausted and must be dismissed.

### C. Grounds Four and Six

In Grounds Four and Six, Petitioner raised these claims in his state habeas petition to the California Supreme Court, which was denied with citation of In re Swain, 34 Cal.2d at 304. (LD 9.) In re Swain articulates the procedural requirements that a California habeas petitioner allege with particularity the facts supporting his claims and explain and justify the delay in the presentation of those claims. In re Swain, 34 Cal.2d at 304. In a related case, the California Supreme Court has held that an application for habeas corpus "should both (i) state fully and with particularity the facts on which relief is sought, as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." People v. Duvall, 9 Cal.4th 464, 474 (1995). The Ninth Circuit has held that a denial with citation to Swain is a denial on procedural grounds, because such a deficiency, when it exists, can be cured in a renewed petition. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986); Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974).

Because the Supreme Court denied Petitioner's state habeas corpus petition citing In re Swain, Petitioner could and should have filed another state habeas petition in an attempt to plead his claims with greater specificity.[3] Petitioner's claims were also unsupported by reasonably available documentary evidence. In Kim, the Ninth Circuit held that a federal court faced with a state court ruling that the claim lacked specificity should independently examine the state court petition to determine whether the claim was fairly presented. Kim v. Villalobos, 799 F.2d at 1321. The rationale is that "if a state procedural requirement consistently prevents a 'fairly

---

[3] Petitioner claims that because the superior court and state appellate court denied the claim on the merits, the "California Supreme Court's citation to In re Swain, supra, does not militate the antecedent decisions on their merits." (Opposition at p.1.) Contrary to Petitioner's claim when more than one state court has adjudicated a claim in a reasoned decision, the federal court will turn to the last reasoned decision. Barker v. Fleming, 423 F.3d 1085 (9th Cir. 2005).

6

1 presented' claim from being heard on the merits, the state's procedures are ineffective and the
2 exhaustion requirement is excused." Id.

3       In Ground One of the state habeas petition (which is raised as Ground Four of the instant
4 petition), Petitioner argued that he was a victim of "domestic violence" and there was "copious
5 evidence available of domestic violence" that his counsel should have presented at trial. (LD 9 at
6 pp. 2-3.) However, Petitioner failed to explain or point to any of the alleged "copious evidence"
7 or what his desired investigation would have revealed. Rather, Petitioner made several
8 conclusory allegations regarding counsel's failure to conduct a reasonable investigation, but he
9 failed to proffer any purported evidence to support his claim. Therefore, this claim was not plead
10 with sufficient particularity and is not exhausted.

11       In addition, in Ground Two of the state habeas petition (raised as Ground Six of the
12 instant petition), Petitioner also failed to allege facts to support his claim. Petitioner argued only
13 that if he incurred "state procedural bar[s] regarding claim one . . . the 'cause and prejudice'
14 analysis is attributable to ineffective assistance of appellate counsel for failing to raise and
15 exhaust the claims within the purview of 28 U.S.C. § 2254(B)(1), on direct appeal." (LD 9 at
16 p.7.) Consequently, this claim also lacked specificity and was not fairly presented to the
17 California Supreme Court. Thus, the claim is unexhausted.

18     D.    Ground Five

19       In Ground Five, Petitioner contends that "the trial court's denial of self-representation,
20 based on his 'not being competent' to do so, violated his 'substantive' rights and is clearly
21 contrary to Supreme Court authority." Petitioner raised a similar claim in the traverse to his state
22 habeas petition presented to the Tulare County Superior Court. (LD 7 at Traverse, pp. 14-15.)
23 However, Petitioner did not raise this claim in his state habeas petition filed in the California
24 Supreme Court (LD 9), or on direct appeal (LD 1, 5), and failed to present it to the state's highest
25 court. Therefore, this claim is unexhausted and is subject to dismissal.

26 CONCLUSION AND ORDER

27       In his opposition, Petitioner requests to file a fourth amended petition raising Grounds
28 Two, Four and Six. However, based on the analysis discussed above, only Ground Two is

1  exhausted and all other claims are subject to dismissal without prejudice as unexhausted.  It is
2  HEREBY ORDERED that Respondent's motion to dismiss the instant petition as a mixed
3  petition is GRANTED and the matter will be dismissed without prejudice unless Petitioner
4  chooses to file a fourth amended petition raising only Claim Two within **thirty days** from the
5  date of service of this order.

9  IT IS SO ORDERED.

10  Dated:  **July 11, 2011**                              **/s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE